**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JENNIFER DENISE COONFIELD,

    Plaintiff,

v.                                                       Case No. 8:23-cv-449-TPB-AAS

SERVBANK INC., et al.,

    Defendants.
_____/

**ORDER DISMISSING WITH PREJUDICE**
**SECOND AMENDED COMPLAINT**

This matter is before the Court *sua sponte* on Plaintiff Jennifer Denise Coonfield's second amended complaint. (Doc. 12). After reviewing the second amended complaint, court file, and the record, the Court finds as follows:

Plaintiff has previously filed two complaints, both of which were deemed deficient by the magistrate judge. (Docs. 7; 9). The magistrate judge previously dismissed Plaintiff's initial complaint after finding that it failed to comply with the Federal Rules of Civil Procedure and Local Rules of this Court. Plaintiff's first complaint did not contain any discernible causes of action, only vaguely citing to various statutes and provisions of the Uniform Commercial Code. The complaint also did not contain sufficient factual material to support any causes of action. Consequently, the magistrate judge required Plaintiff to file an amended complaint. (Doc. 7).

On April 12, 2024, Plaintiff filed her first amended complaint. (Doc. 8). Although the amended complaint finally set forth causes of action, the magistrate judge found that the amended complaint violated the Federal Rules of Civil Procedure because the amended complaint did not consist of a short, plain statement of the facts and was largely incoherent. In addition, the causes of action asserted were not viable.[1] Because the amended complaint was facially insufficient and woefully inadequate, the magistrate judge dismissed it without prejudice, again with leave to amend. (Doc. 9).

Plaintiff thus filed her second amended complaint, which consists of 44 pages and 423 paragraphs, and is fairly described as rambling and largely incoherent. (Doc. 12). It appears that she was the borrower on a loan, and she requests over $10 million dollars in damages against Defendants Servbank Inc. and Chief Executive Officer Kenneth Bertrand for their attempts to collect and/or foreclose on the mortgage that Plaintiff alleges she did not authorize to be transferred or sold. In her operative second amended complaint, Plaintiff asserts several causes of action: violation of the Fair Debt Collection Practices Act ("FDCPA") (Count I), violation of the Florida Antitrust Act of 1980 (Count II), negligence (Count III), violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count IV), conversion (Count V), civil theft (Count VI), fraudulent misrepresentation (Count VII), and violation of the statute of frauds (Count VIII).

---

[1] Plaintiff asserted claims for (1) Fifth Amendment violations, (2) Fair Debt Collection Practices Act violations, (3) UNIDROIT Principles of International Commercial Contracts violations, (4) 18 U.S.C. § 8 and 12 U.S.C. § 1813 violations, (5) Fraud Act of 2006 violations, and (6) Eternal and Unalienable Rights violations.

In her third complaint, Plaintiff has added new defects and failed to cure others previously identified by the magistrate judge. Most notably, the second amended complaint is not a short, plain statement of the facts. Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff's allegations be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The second amended complaint is none of these things. A complaint must be clear and definitive to allow a defendant to understand the claims against him and to draft a responsive pleading, and so that the court can recognize the parties' claims and defenses, identify the issues of fact to be litigated, and proceed to a just result. *Davis v. Coca-Cola Bottling Co. Consol*, 516 F.3d 955, 979 (11th Cir. 2008), *abrogated on other grounds,* 556 U.S. 662 (2009).

In fact, Plaintiff's second amended complaint is a shotgun pleading. A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1) complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

  (4)  complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Plaintiff's second amended complaint contains counts that reallege all prior claims before it, committing the "mortal sin" described in prong one of *Weiland*. More specifically, Counts II through VIII incorporate all preceding paragraphs, thereby incorporating all prior claims. This constitutes a shotgun pleading. This defect alone would result in the Court's dismissal of the second amended complaint. Plaintiff's second amended complaint also mixes claims against multiple defendants and claims involving multiple theories (such as civil theft and FDUTPA in Count VI). This improper mixing of claims makes it difficult for Defendants to respond appropriately and present defenses, and for the Court to appropriately adjudicate this case.

  In addition, the Court notes that Plaintiff has failed to establish the existence of any viable claims for relief.[2] For instance, as to Count VIII, the statute of frauds

---

[2] The Court notes that Plaintiff's filings have referenced the Uniform Commercial Code, the Moroccan-American Treaty of Peace and Friendship, and have been replete with "the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement." *See Sealey v. Branch Banking and Trust Co.*, No.: 2:17cv785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019). The arguments and legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars." *See Young v. PNC Bank, N.A.*, No. 3:16cv298/RV/EMT, 2018 WL 1251920, at *2 (N.D. Fla. Mar. 12, 2018) (citing *Roach v. Arrisi*, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016)).

is not a cause of action – it is an affirmative defense to a cause of action. Moreover, the statute of frauds simply requires that a contract be in writing under certain circumstances. Plaintiff does not appear to allege that there is no written contract; she simply appears to challenge Defendants' ability to demand payment under the contract or foreclose on the property. In Count VI, Plaintiff baselessly accuses Defendants of civil theft by using her name in letters and documents sent to her, including monthly statements – this theft claim is patently frivolous. And as to Count I, Plaintiff does not allege sufficient facts to support any viable for relief under the FDCPA, including that Defendants are debt collectors as defined by the FDCPA, or that they have engaged in any acts or omissions as defined in the FDCPA. Plaintiff's other claims fare no better. To the extent they are linguistically coherent, they are devoid of any legal or factual substance.

It appears that Plaintiff is preemptively attempting to challenge a possible residential mortgage foreclosure after she became delinquent in her payments. But she has not stated any viable claims for relief against Defendants. The Court has already given Plaintiff two opportunities to amend her complaint. Her third attempt fails to cure the defects previously identified by the Court, and, in fact, adds new deficiencies. Consequently, her second amended complaint is dismissed, without leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's second amended complaint (Doc. 12) is **DISMISSED WITH PREJUDICE**, without leave to amend.

2. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of May, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE